[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: DEFENDANT'S MOTION FOR MODIFICATION
CT Page 7739
The parties' marriage was dissolved on March 1, 1991 after an uncontested hearing. The written agreement of the parties was found to be fair and equitable. It was ordered incorporated into the judgment by reference per § 46b-66, C.G.S.
"Article II — Child Support" provides that the defendant shall pay $2,868.12 monthly as child support. It then states:
 "The parties recognize and agree that the amount of child support agreed to is not in accordance with the child support guidelines, having taken into consideration the assets of the HUSBAND and therefore specifically agree that said guidelines shall not operate as a basis for a modification of the child support in the future."
Paragraph 2.2 provides for an additional sum to be paid to be determined by the Official Consumer Price Index. As of January 1, 1996 the total child support due monthly was $3,562.
The defendant's present motion seeks a modification of the child support order based on a substantial change in the circumstances of both parties. This motion was served on the plaintiff on January 30, 1996 by citation.
The defendant listed his occupation in 1991 as a self-employed consultant living in and having business interests in Australia. His current company is located in Adelaide, and he continues to reside in Australia.
The defendant's January 30, 1991 financial affidavit lists total net weekly income as $2,169 and total net cash value of assets as $900,000. His current financial affidavit lists total net cash value of assets of $359,500. After the dissolution the defendant entered a venture with a partner. They acquired a property in the central business district and then swapped it for an apartment building. The loan is now being carried by the defendant solely, the partner having sustained several financial losses, and having moved to England.
From the evidence the court has concluded that his current net disposable weekly income is $1,560 (Defendant's Exhibit D.). The court concludes and finds that there has been a substantial change in the defendant's circumstances. The defendant's current CT Page 7740 net income falls within the child support guidelines.
The plaintiff has remarried and is currently without income since she is on maternity leave.
The defendant's motion is granted. The defendant is ordered to pay $300 weekly child support. No deviation from the guidelines has been established. Favrow v. Vargas, 231 Conn. 1. Retroactivity is ordered as of September 30, 1996 with this new order effective as of October 1, 1996.
The Consumer Price Index provision is deleted from the judgment. No attorney's fees are awarded to either party.
HARRIGAN, JUDGE